IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> Plaintiff-Appellee, § <br> § <br> v. § <br> § <br> BRENDA GONZALES, § <br> § <br> Defendant-Appellant. § | CIVIL ACTION NO. 4:15-CR-107(2)-MAC-CAN |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant-Appellant's Brenda Gonzales's *pro se* Application to Proceed *In Forma Pauperis* on Appeal [Dkt. 105]. Having considered the relevant pleadings, the Court finds that the Motion should be **DENIED**.

BACKGROUND

On November 12, 2015, Gonzales pleaded guilty to one count of conspiracy with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 [Dkt. 35]. On April 6, 2016, the District Judge accepted Gonzales plea and sentenced her to 120 months imprisonment [Dkt. 55]. On August 15, 2016, the Court denied Gonzales's request to reduce her sentence [Dkt. 72]. On April 27, 2017, Gonzales filed a Notice of Appeal [Dkt. 89] and was assigned USCA Case Number 17-40451. Gonzales, represented by appointed counsel throughout trial, is proceeding *in forma pauperis* in her first appeal. *United States v. Boutwell*, 896 F.2d 884, 888 (5th Cir. 1990) (one who received appointed counsel in the district court has, in effect, already been adjudged a pauper, no redetermination of pauper status pursuant to F.R.A.P. 24 need be made at the appellate level"). On August 2, 2017, the Court denied Gonzales's second request to reduce her sentence under Amendment 794 [Dkt. 98]. On August 15, 2017, Gonzales filed a second Notice of Appeal

[Dkt. 101] and was assigned USCA Case Number 17-40858. "Because Amendment 794 cannot be applied to Gonzales's sentence," the Court denied Gonzales's request for appointment of counsel in her second appeal [Dkt. 103]. On September 13, 2017, the Fifth Circuit dismissed Gonzales's second appeal for failure to timely pay the filing fee [Dkt. 104]. On October 2, 2017, only after her second appeal was dismissed, did Gonzales file the instant Application to Proceed *In Forma Pauperis* [Dkt. 105].

## LEGAL STANDARD AND ANALYSIS

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The motion must state "the nature of the action, defense or appeal and affiant's belief that he is entitled to redress." 28 U.S.C. § 1915(a); *see also* FED. R. APP. P. 24(a)(1) ("The party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal."). Title 28 U.S.C. § 1915(a)(3) further states that the district court may deny leave to proceed *in forma pauperis* if an appeal is not taken in "good faith" (i.e., if the appeal fails to present a non-frivolous issue). *Cay v. Estelle*, 789 F.2d 318, 326 (5th Cir. 1986).

An appeal is taken in good faith if it presents an arguable issue on the merits or factual basis for the claim and therefore is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983). To that end, a movant must demonstrate the existence of a non-frivolous issue for appeal. *See also Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988). If the district court cannot discern the existence of any non-frivolous issue on appeal, then an appeal is not taken in "good faith" and the movant's petition to appeal in forma pauperis must be denied. *Howard*, 707 F.2d at 220 (citation omitted). The district court

should consider any pleadings and motions of a *pro se* litigant under less stringent standards than those applicable to licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding, although *pro se* briefs must be liberally construed, even *pro se* litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222-25 (5th Cir. 1993).

The Court finds Gonzales's Application to Proceed *In Forma Pauperis* should be denied because her Application to Proceed *In Forma Pauperis* is deficient: Gonzales has not identified the issues she intends to present on appeal in her Federal Rule of Appellate Procedure Form 4 [Dkt. 105]. Moreover, the Court has already determined that the issue Gonzales sought to raise in her second appeal, whether she is entitled to a sentence reduction under Amendment 794, is frivolous [Dkt. 103]. Amendment 794 cannot be applied to Gonzales's sentence [Dkt. 103]. Thus, to the extent that Gonzales filed her application to further pursue, her second appeal, Gonzales has an obligation to demonstrate that her requested appeal raises non-frivolous issues. The Court cannot discern, and Gonzales has not identified, any non-frivolous issues for appeal [*see* Dkts. 101, 105]. Thus, the Court finds that Gonzales's appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Gonzales's Application to Proceed *In Forma Pauperis* should be denied.[1]

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the Court recommends that Gonzales's *pro se* Application to Proceed *In Forma Pauperis* [Dkt. 105] be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate

---

[1] Furthermore, because Gonzales is already proceeding *in forma pauperis* with her first Notice of Appeal and Gonzales's second Notice of Appeal has been dismissed, the undersigned finds Gonzales's Application to Proceed *In Forma Pauperis* [Dkt. 105] could alternatively be denied as moot.

judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 18th day of October, 2017.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE