| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 4:15-CR-107 (2) |
| § | |
| BRENDA GONZALEZ § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Brenda Gonzalez's ("Gonzalez") Motion to Apply for Safety Valve Relief (#109), wherein Gonzalez asserts that her sentence should have been reduced under United States Sentencing Guidelines ("USSG") § 5C1.2 ("Safety Valve"). The Government filed a response (#110) in opposition, and Gonzalez filed a reply (#111), requesting the appointment of counsel. Having considered the motion, the submissions of the parties, the record, and the applicable law, the court is of the opinion that the motion should be DENIED.

On November 12, 2015, Gonzalez pleaded guilty to Conspiracy to Possess with the Intent to Distribute Methamphetamine (actual) in violation of 21 U.S.C. § 846, the sole count of the Indictment, pursuant to a non-binding plea agreement. During sentencing on April 6, 2016, counsel indicated that Gonzalez failed to debrief truthfully and, therefore, did not qualify for the safety valve. Consequently, the court sentenced Gonzalez to 120 months' imprisonment—the statutory minimum—followed by five years of supervised release.

The court's authority to reduce or modify a sentence is limited once a sentence of imprisonment has been imposed. *Dillon v. United States*, 560 U.S. 817, 819 (2010); *United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020); *United States v. Banks*, 770 F.3d 346, 348 (5th Cir. 2014); *United States v. Hernandez*, 645 F.3d 709, 711 (5th Cir. 2011). Pursuant to 18 U.S.C. § 3582(c), a district court is authorized to modify a previously imposed term of imprisonment only

under the following circumstances: (1) when the court receives a motion from the Director of the Bureau of Prisons ("BOP"), or under certain circumstances, a motion from the defendant, indicating that there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) when the district court, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, acting within 14 days after the imposition of sentence, wishes to correct an arithmetical, technical, or other clear error identified in a previously imposed sentence; (3) when the defendant has provided substantial assistance and the government moves for a sentence reduction; or (4) when the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c); *see Banks*, 770 F.3d at 348; *United States v. Meza*, 620 F.3d 505, 507 (5th Cir. 2010).

Here, Gonzalez's motion does not identify any basis for the court's authority to modify her sentence of imprisonment. Furthermore, nothing in the record indicates that Gonzalez was entitled to a Safety Valve adjustment. The Safety Valve allows a court to impose a sentence below the statutory minimum sentence for certain offenses where five criteria are met:

(1) the defendant does not have—(A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines; (B) a prior 3-point offense, as determined under the sentencing guidelines; and (C) a prior 2-point violent offense, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in [21 U.S.C. § 848]; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2; *United States v. Anchundia-Espinoza*, 897 F.3d 629, 632-33 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1291 (2019); *United States v. Cruz-Romero*, 848 F.3d 399, 401 (5th Cir.), *cert. denied*, 137 S. Ct. 1606 (2017). As a general rule, the party seeking a sentencing adjustment has the burden of proving by a preponderance of the evidence facts to support the adjustment. *See Anchundia-Espinoza*, 897 F.3d at 634 (citing *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016)); *Cruz-Romero*, 848 F.3d at 402; *United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996). Although Gonzalez maintains that she was eligible for the Safety Valve at the time of sentencing, the transcript of the sentencing hearing establishes that she did not dispute the Government's contention that she failed to make a full disclosure of her knowledge regarding the drug trafficking conspiracy with which she was involved, as required by 18 U.S.C. § 3553(f)(5) and USSG § 5C1.2(a)(5). Gonzalez asserts that she was "frozen with fear" at the time of sentencing and that English is not her native language; however, the record indicates that Gonzalez was provided an interpreter and was able to make a statement expressing remorse for her actions during the sentencing hearing. Moreover, her Presentence Investigation Report reveals that Gonzalez is a United States citizen, was born in

Brownsville, Texas, in 1992, and lived in Mesquite, Texas, from age 19 until her arrest at age 23 in Denton, Texas.

Finally, Gonzalez requests that the court appoint legal counsel. There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see Garza v. Idaho*, ___ U.S. ___, 139 S. Ct. 738, 749 (2019); *Whitaker v. Collier*, 862 F.3d 490, 501 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1172 (2018); *In re Sepulvado*, 707 F.3d 550, 554 (5th Cir.), *cert. denied*, 571 U.S. 952 (2013). Gonzalez provides no basis to suggest that the appointment of counsel would help her obtain relief. Thus, the court finds that the discretionary appointment of counsel is not warranted. *See* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require").

For the foregoing reasons, Gonzalez's Motion to Apply for Safety Valve Relief (#109) is DENIED.

SIGNED at Beaumont, Texas, this 6th day of July, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE